UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| J BELLS LLC, | CASE NO. 3:20-cv-05820-BJR |
| *Plaintiff*, | ORDER DENYING MOTION TO REMAND |
| v. | |
| SENTINEL INSURANCE COMPANY LIMITED, | |
| *Defendant*. | |

## I.  INTRODUCTION

Before the Court is Plaintiff's Motion to Remand this matter to the Pierce County Superior Court.  Pl.'s Mot. to Remand to State Ct., Dkt. No. 13 ("Mot.").  Having reviewed the Motion, the opposition thereto, the record of the case, and the relevant legal authorities, the Court will deny Plaintiff's Motion.  The reasoning for the Court's decision follows.

## II.  BACKGROUND

This case is one of numerous now being litigated across the country in which a business owner seeks insurance coverage for losses sustained as a result of stay-at-home orders issued in response to the COVID-19 pandemic.  Plaintiff owns and operates a hair salon.  *See* Compl., Dkt. No. 1-2 at 1; *see also* Def.'s Opp'n to Mot. to Remand, Dkt. No. 14 at 2 ("Opp'n").  Defendant is the company from which Plaintiff purchased business insurance.  Compl. at 2.

1

In response to the pandemic, and the forced closure of the hair salon, Plaintiff provided Defendant with a Notice of Claim on March 25, 2020. Opp'n at 2; *see also* Opp'n, Ex. 3, Dkt. No. 15-3 ("Notice of Claim"). This Notice states that the salon's monthly income prior to the pandemic averaged $13,947 per month. Notice of Claim at 4. While the Notice only requested payment for 30 days of lost income, Defendant determined that it may be required to pay more, as the Business Income coverage of Plaintiff's policy insures for up to 12 months of lost income. Opp'n at 2. After reviewing Plaintiff's Notice of Claim and policy, Defendant denied Plaintiff's claim, concluding that neither the policy's Business Income nor Civil Authority coverage applied to Plaintiff's COVID-19 losses. *Id.*

On June 16, 2020, Plaintiff filed suit in Pierce County Superior Court alleging Breach of Contract, Noncompliance with Washington's Insurance Fair Conduct Act, and a violation of the Washington Consumer Protection Act. Compl., Dkt. No. 1-2. On August 13, 2020, Defendant removed the case to this Court on grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal, Dkt. No. 1. In response, Plaintiff filed the now-pending Motion for Remand claiming that the matter fails to meet the $75,000 required for federal jurisdictional. Mot., Dkt. No. 13.

### III.   DISCUSSION

District courts have original jurisdiction over civil actions which are diverse, in that they include "citizens of different states," and "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). Diversity of citizenship in this case is uncontroverted, as Plaintiff is a citizen of Washington State and Defendant is a citizen of the State of Connecticut. *See* Compl. at 1–2; Opp'n at 2. The only question raised by Plaintiff's Motion to Remand is whether the

amount in controversy exceeds $75,000.

Plaintiff claims that Defendant's Notice of Removal fails to establish that the amount in controversy exceeds $75,000. Mot. at 2–3. Alternatively, Plaintiff offers to stipulate that its suit will not exceed $75,000. Mot. at 3; *see also* Mot., Ex. 4, Dkt. No. 13-4 (Binding Stipulation). Defendant counters that, at the time the case was removed to federal court, the amount in controversy exceeded $75,000. Opp'n at 6–11. Defendant also contends that Plaintiff's stipulation does not alter the Court's original jurisdiction over this matter. *Id.* at 11–12.

### A. Amount in Controversy

Plaintiff's challenge to the amount in controversy fails. Defendant's Notice of Removal provided sufficient allegations that the amount in controversy exceeded $75,000 at the time of removal.

First, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, the Supreme Court concluded that, where a plaintiff's complaint does not state an amount in controversy, a defendant need only provide a short and plain statement including a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and that the defendant need only provide evidence of its amount in controversy contentions once plaintiff contests removal. 574 U.S. 81, 89 (2014); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015) ("a removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions'" in determining amount in controversy)).

Defendant's Notice of Removal notes the Complaint's lack of a stated amount in controversy and provides a short, plain summary of why, in its view, the $75,000 amount in

controversary requirement was met.  Notice of Removal at 3–4.  Under *Dart*, no more was required.

Second, once a plaintiff challenges a defendant's amount in controversy contentions, each side may submit evidence based on which the Court determines whether the amount in controversy has been met by a preponderance of the evidence standard.  *Dart*, 574 U.S. at 88 (citing 28 U.S.C. § 1446(c)(2)(B)); *see also Salter v. Quality Carriers, Inc.*, No. 20-55709, 2020 WL 5361459, at *2 (9th Cir. Sept. 8, 2020) (quoting *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018)) ("Where 'it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'").

Amount in controversy is determined at the time of removal.  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018).  In calculating the amount in controversy, the Court looks not only to the amount of damages in dispute, but also to attorney's fees, costs, and statutory treble damages.  *See id.* at 414–15 ("amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious"); *see also Arias*, 936 F.3d at 927; *Wilson v. Geico Indem. Co.*, No. 18-cv-226, 2018 WL 3594474, at *2 (W.D. Wash. July 26, 2018).

Reviewing Plaintiff's Complaint, Defendant's Notice of Removal, and both parties' arguments pursuant to the pending Motion, the Court concludes that over $75,000 was in controversy at the time of removal.  At the time Plaintiff's Complaint was filed, June 16, 2020, Plaintiff's shop had been closed for exactly three months.  *See* Notice of Claim at 4 (stating that

Plaintiff's business was mandated to close on March 16, 2020). Neither the Notice of Claim nor the Complaint state that Plaintiff's business had reopened.

At the time of removal, Defendant correctly reasoned that, should the Court conclude that Defendant must cover Plaintiff's losses, Defendant could be liable to Plaintiff for additional lost income as Plaintiff's business remained impacted by the pandemic. As Defendant noted in its Notice of Removal, Plaintiff's policy covers up to 12 months of lost income and Plaintiff's Complaint nowhere limits its recovery. Rather, the Complaint anticipates future losses as a result of the pandemic, stating "Plaintiff has sustained and *will sustain* covered losses during the Covid-19 outbreak." Compl. at 2 (emphasis added). Thus, a rough prospective estimate of all relief that Plaintiff might obtain greatly exceeds $75,000.

The Court, therefore, finds that Defendant has sufficiently established amount in controversy and that the Court has jurisdiction over this matter.

**B. Effect of Plaintiff's Proposed Stipulation**

Plaintiff's proposed stipulation capping its damages at less than $75,000 does not change the Court's conclusion. "[I]t is well settled that post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing." *Arias*, 936 F.3d at 928 (cleaned up). "[A]mount in controversy is determined at the time of removal and not based on plaintiff's stipulations or affidavits filed after removal." *Lewis v. Fred Meyer Stores, Inc.*, No. 13-cv-05151, 2013 WL 1855867, at *2 (W.D. Wash. May 1, 2013); *see also Walker v. Fred Meyer Stores*, No. 11-cv-06042, 2012 WL 13210116 (W.D. Wash. Dec. 11, 2012); *Garrison v. Merch. & Gould, P.C.,* No. 09-cv-1728, 2011 WL 887749, at *1 (W.D. Wash. Mar. 10, 2011). Since the Court has found that removal was proper, Plaintiff's post-removal stipulation to damages under $75,000 does

not defeat the Court's original jurisdiction.

## IV.   CONCLUSION

Based on the foregoing, the Court hereby DENIES Plaintiff's Motion to Remand.

DATED this 6th day of October, 2020.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE